# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00424-CR

**David Cepeda Jones, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BEXAR COUNTY, 227TH JUDICIAL DISTRICT
### NO. 2009-CR-12902, THE HONORABLE PHILIP A. KAZEN, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant David Cepeda Jones, acting pro se, filed a document with this Court entitled "Rule § 16.3(c) Notice of Appeal/Affidavit/Emergency Transfer of Venue and All Future Proceedings Rules § 17.2 and 17.3 (Refusing to Act)." As we read his document, appellant raises issues in connection with his appeal from matters related to a criminal case pending in a district court of Bexar County. The pleading references a cause number in the Fourth Court of Appeals, and complains about the failure of the Fourth Court of Appeals to grant him a rehearing in his case as well as the denial of his motions for recusal wherein he requested that every justice on the Fourth Court of Appeals recuse himself or herself.

This Court's appellate jurisdiction generally is limited to cases appealed from trial courts in our court of appeals district, which does not include Bexar County. Tex. Gov't Code Ann. § 22.201 (West Supp. 2010). We see no basis for jurisdiction over an appeal of matters arising out

of a Bexar County district court or over actions taken by the Fourth Court of Appeals, and nothing in the documents appellant has filed demonstrates we otherwise have authority to grant any relief he seeks. *See Olivo v. State*, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996) (listing Government Code § 22.201 among examples of laws that establish jurisdiction of courts of appeals).

To any extent that appellant's pleadings could be read as initiating an original appellate proceeding seeking extraordinary relief, *see* Tex. R. App. P. 52, we note that our mandamus authority also is limited. By statute, this Court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2010). The Fourth Court of Appeals is not a party against whom we may issue a writ of mandamus. Nor has appellant demonstrated that the exercise of our writ power is necessary to enforce our jurisdiction as we have no appellate jurisdiction over the Fourth Court of Appeals.

Appellant's documents indirectly refer to Rule 17.1 of the Rules of Appellate Procedure, which concerns instances in which a court of appeals is unable to take immediate action, and directly refer to Rule 17.2, which provides for action by "the nearest court of appeals that is able to take immediate action," and Rule 17.3 which relates to further proceedings by the nearest court of appeals. *See* Tex. R. App. P. 17.1, 17.2, 17.3. Appellant appears to contend that Rule 17 applies here. Appellant's pleadings, however, discuss actions taken by the Fourth Court of Appeals, which demonstrates conclusively that Rule 17 of the appellate rules has no application here. The Fourth Court is not unable to take immediate action and has, in fact, taken action. Appellant

2

is merely dissatisfied with the actions taken. We do not have appellate jurisdiction over the Fourth Court of Appeals.

Finding we lack jurisdiction to address appellant's pleadings, we dismiss his attempted appeal.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Dismissed for Want of Jurisdiction

Filed:  July 11, 2012

Do Not Publish

3